Filed 9/16/25  P. v. Gonzalez CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063630 |
| v. | (Super. Ct. No. 99CF0651) |
| JAMES MORENO GONZALEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Reversed and remanded.

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Heather M. Clark, Deputy Attorneys General, for Plaintiff and Respondent.

\*       \*       \*

THE COURT:*

Defendant James Moreno Gonzalez appeals a postjudgment order denying his motion for resentencing pursuant to Penal Code section 1172.75.[1] We reverse and remand.

PROCEDURAL HISTORY

In 1999, a jury convicted defendant of second degree robbery (§§ 211, 212.5, subd. (c), 213, subd. (a)(2)) and receiving stolen property (§ 496, subd. (a)).[2] Defendant admitted two serious felony priors that were also strikes. Of note to this appeal, defendant admitted he served a prior prison term pursuant to section 667.5, subdivision (b).

The court sentenced defendant to state prison for 30 years to life. The court stayed punishment of the section 667.5, subdivision (b) enhancement for the prior prison term. In case No. G027135, defendant appealed the judgment but ultimately abandoned the appeal. No appellate opinion issued.

On October 13, 2023, defendant filed a motion for resentencing pursuant to section 1172.75.

On December 7, 2023, the court denied the motion for resentencing. "Having found that the Defendant in this case does appear on a list furnished by [the Department of Corrections and Rehabilitation] to the Court of persons potentially eligible for relief pursuant to . . . sections 1172.75 or 1172.7, this Court finds the Defendant in this case is ineligible for relief

---

*Before Moore, Acting P. J., Delaney, J., and Scott, J.

[1] All statutory references are to the Penal Code.

[2] Plaintiff's motion to augment the record with a copy of the reporter's transcript from the trial and sentencing is granted.

because all related enhancements were either stayed or stricken at time of sentencing.

## DISCUSSION

"Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a).) "If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (*Id.*, subd. (c).)

The Supreme Court recently resolved the disputed question of whether individuals are entitled to relief under section 1172.75 if their section 667.5, subdivision (b) enhancements were stayed at the time of sentencing, i.e., if they are not actually serving a sentence that includes additional time in prison as a result of the enhancement. "[S]ection 1172.75 entitles a defendant to resentencing if the underlying judgment includes a prior-prison-term enhancement that was imposed before January 1, 2020, regardless of whether the enhancement was then executed or instead stayed." (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1054.)

In supplemental briefing invited by this court, the People now rightly concede that reversal is required.

## DISPOSITION

The postjudgment order denying defendant's motion for recall and resentencing is reversed and the matter is remanded to the trial court for resentencing pursuant to the terms of section 1172.75. Upon conclusion of the new sentencing hearing, the trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

3